UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| PAUL WAYNE KRAUSS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-206-RLW |
| JAY HOLCOMB, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Paul Wayne Krauss, an inmate at the Mississippi County Detention Center, for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $13.16. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $37.73, and an average monthly balance of $65.83. The Court will therefore assess an initial partial filing fee of $13.16, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim

for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a pretrial detainee at the Mississippi County Detention Center. He brings this action pursuant to 42 U.S.C. § 1983 against Officer Jay Holcomb, and the Mississippi County Detention Center. He states he sues Holcomb in an official and individual capacity.

According to the complaint, plaintiff was arrested in October of 2017 and detained in the Mississippi County Detention Center. His personal property was taken and sealed into a bag, and placed in the property room. Plaintiff learned that a search warrant had been executed at his home. Plaintiff does not describe what, if anything, was recovered during the search.

Plaintiff alleges that the search warrant was invalid because there was "no court seal on it to make it a legal document of the Court," and that because he was in custody when the warrant was executed, the search should have been conducted in front of him. (Docket No. 1, Attch. 2, p. 1). Next, plaintiff alleges that "after Officer Jay Holcomb finished searching my home" he came to the Detention Center and, along with a guard, took plaintiff's cell phone from the property room. *Id.* at 2. Plaintiff alleges that he had difficulty filing a complaint at the Detention Center over the loss of the phone. Plaintiff does not allege that Holcomb accessed or recovered anything from the cell phone.

Plaintiff next alleges that Holcomb called the Detention Center and "had Mr. Edward Lee come to my pod and threaten me over my phone which is entirely unethical and completely unprofessional." *Id.* Plaintiff also states that the search warrant was obtained on hearsay, he was charged with a Class D felony of possession of a controlled substance even though drugs were not covered by the search warrant, he was served with an arrest warrant that was invalid because it lacked a court seal, and his bond was excessive.

As relief, plaintiff asks that "full charges be pursued." (Docket No. 1 at 6). He also seeks $89.99 to compensate him for the loss of his cell phone, $52,000 in lost wages, and $250,000 in punitive damages.

**Discussion**

Plaintiff's claims against the Mississippi County Detention Center will be dismissed. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Plaintiff's official capacity claims against Holcomb will also be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Based upon the allegations in the complaint, the Court infers that Holcomb is either a sheriff's deputy or a police officer. However, municipal departments, such as police departments and sheriff's offices, are not suable entities under § 1983. *See Ketchum*, 974 F.2d at 82. Finally, even if the Court were to construe the complaint as brought against the municipality and substitute it as defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged

-4-

constitutional violations. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). The Court therefore concludes that complaint is legally frivolous and fails to state a claim upon which relief can be granted as to the Mississippi County Detention Center, and as to Holcomb in his official capacity.

The Court now turns to plaintiff's individual capacity claims against Holcomb. Liberally construed, plaintiff alleges that Holcomb searched his home pursuant to a facially invalid search warrant. In support, plaintiff claims the warrant lacked a court seal, and that the search should have been conducted in front of him. The Fourth Amendment to the Constitution protects "personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. California*, 384 U.S. 757, 767 (1966). It prohibits violation of the right of the people to be secure "in their persons, houses, papers, and effects" and "against unreasonable searches and seizures," and it provides that no warrants shall issue except upon probable cause. U.S. CONST. AMEND. 4. The Fourteenth Amendment extends this constitutional guarantee to searches and seizures by state officers. *Burlison v. Springfield Public Schools*, 708 F.3d 1034, 1039 (8th Cir. 2013).

Neither the lack of a court seal nor the fact that a search was performed outside the presence of a criminal suspect would render a search warrant invalid. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (describing the requirements of a valid search warrant). The Court concludes that plaintiff has failed to allege facts sufficient to support a claim that Holcomb searched his home pursuant to a facially invalid search warrant.

Plaintiff also claims that he was arrested pursuant to a warrant that was invalid because it lacked a court seal. However, the lack of a court seal would not render an arrest warrant invalid,

either. In addition, plaintiff fails to allege that Holcomb was involved in his arrest. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Court concludes that plaintiff has failed to allege facts sufficient to support a claim that Holcomb arrested him pursuant to a facially invalid arrest warrant.

Next, plaintiff contends that Holcomb took his cell phone, and he seeks damages in the amount of $89.99 to compensate him for its loss. Depriving a prisoner of his property may implicate the Due Process Clause and form the basis for a § 1983 action. However, plaintiff's claim that Holcomb intentionally took the cell phone does not establish a violation of the Due Process Clause because the state of Missouri provides an adequate post-deprivation remedy, including an action for conversion, and plaintiff does not allege that such remedies were inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 531-21 (1984) (If the deprivation of property by prison officials is intentional and the state provides an adequate post-deprivation remedy, there is no Due Process violation). To the extent plaintiff can be understood to claim that Holcomb negligently deprived him of the cell phone, his claim simply fails to implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original).

Plaintiff also claims that Holcomb caused another person to come to his pod and threaten him regarding the cell phone, and that doing so was unethical and unprofessional. Plaintiff

neither describes the threat, nor alleges that the threat exerted any coercive pressure upon him. Verbal harassment is actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right. *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997) (internal citations omitted). The instant complaint contains no such allegations. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (threatening words, without more, do not invade a federally-protected right). In addition, unethical, unprofessional, or rude behavior fails to implicate a constitutional right. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (rudeness and unprofessionalism are not constitutional deprivations). The Court concludes that plaintiff has failed to allege facts sufficient to support a claim of verbal harassment against Holcomb.

Plaintiff next alleges that the search warrant was obtained via hearsay. However, plaintiff does not allege that Holcomb was directly involved in or personally responsible for procuring the search warrant, and the Court will not assume facts not alleged. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell*, 909 F.2d at 1208; *see Iqbal*, 556 U.S. at 676. Even if plaintiff had alleged that Holcomb was involved in procuring the search warrant, the allegation that he used hearsay to do so would not state a claim against him under § 1983. A § 1983 plaintiff may establish a constitutional violation in procuring a search warrant by showing that the officer preparing the warrant application either deliberately falsified information or included information in reckless disregard for the truth, and those misstatements or omissions were material to the judicial

officer's finding of probable cause. *See, e.g., Williams v. City of Alexander, Arkansas*, 772 F.3d 1307, 1311 (8th Cir. 2014). The instant complaint contains no such allegations.

Plaintiff also alleges that he had difficulty filing a complaint at the Detention Center regarding the loss of his cell phone. However, there is no federal constitutional right to an institutional grievance or complaint procedure, and neither a state law nor a state policy creates one. Therefore, violations of any such procedure will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (grievance procedure is procedural right only and does not confer substantive right on inmate). In addition, plaintiff fails to allege that Holcomb was personally responsible for any difficulties he encountered in filing a complaint. *See Madewell*, 909 F.2d at 1208.

Finally, plaintiff alleges that he was charged with possession of a controlled substance even though drugs were not covered by the search warrant, and that his bond is excessive. Again, because plaintiff fails to allege that Holcomb was directly involved in, or personally responsible for, any of these alleged violations of his constitutional rights, he fails to state a claim upon which relief may be granted. *See id.*

For all of the foregoing reasons, the complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $13.16 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of March, 2018.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE